```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
PRODUCTION RESOURCE GROUP, LLC,                                         :
                                                                        :
                               Plaintiff,                               :
                                                                        :
                -v-                                                     :   22-CV-2244 (JMF)
                                                                        :
EVENT ENTERTAINMENT GROUP, INC.,                                        :         ORDER
                                                                        :
                               Defendant.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff Production Resource Group, LLC, brings this action against Defendant Event Entertainment Group, Inc., invoking the Court's subject-matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of Delaware and New York, *see* ECF No. 4 ("Complaint") ¶ 2, and that its constituent members are not citizens of Florida, *see id.* ¶ 3. Plaintiff alleges that Defendant is a citizen of Florida. *See id.* ¶ 4.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp.

2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party]."). In the present case, the Complaint fails to affirmatively plead the citizenship of each constituent member of Plaintiff.

Accordingly, it is hereby ORDERED that, on or before **April 4, 2022**, Plaintiff shall amend its Complaint to affirmatively allege the citizenship of each constituent person or entity comprising it. If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: March 22, 2022
      New York, New York

                                      JESSE M. FURMAN
                                     United States District Judge