UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

PRODUCTION RESOURCE GROUP, LLC    :      Case No. 1:22-cv-02244-JMF

                 :

           Plaintiff,     :

                 :

     - against -        :      **PROTECTIVE ORDER**

                 :

EVENT ENTERTAINMENT GROUP, INC.  :

                 :

           Defendant.

-------------------------------------------------------- X

       It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is STIPULATED and ORDERED as follows:

       1.    Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:  (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that contains information that is or may be subject to attorney-client or other privilege in transactions or litigation between the parties in this action and counterparties or their affiliates identified in the underlying lawsuits described in the Complaint, or (e) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(b)(5)(B), Fed. R. Civ. P., and Rule 502, Fed. R. Evid.  Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: " CONFIDENTIAL" or

"CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.    Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly privileged, sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.    All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

4.    Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a.    The parties and their counsel;

    b.    Experts or consultants retained or hired by the parties or their counsel

for purposes of this action, provided such experts or consultants have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.          Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.          The Court and court personnel;

e.          Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.          Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g.          Former employees of the Parties who are assisting in the preparation of, or are actively engaged in connection with, or are making decisions with respect to, the preparation for and trial of this action;

h.          To the extent deemed necessary by counsel, witnesses or potential witnesses and their counsel in preparation for giving testimony in this Litigation by deposition or at trial relating to Confidential Information or who are believed to possess information deemed necessary for the prosecution or defense of this

action; and

i.        Defendant's insurers, reinsurers, retrocessionaires, and/or regulatory or financial auditors to whom Defendants may have a contractual or legal obligation to report and cooperate, to the extent necessary and only as necessary to satisfy contractual or legal obligations.

5.      With respect to any depositions that involve a disclosure of Confidential material of a party to this action, or a third party from whom discovery is sought, such party or third party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6.      Material produced and marked as Attorneys' Eyes Only may be disclosed only to counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

7.      If counsel for a party receiving documents or information designated as Confidential or Attorneys'' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the Court a letter with a copy to the adversary and all counsel, outlining the dispute, and allowing the court to resolve this issue, prior to the proponent filing a motion for an order regarding the challenged designation. A copy of the challenged document or information shall be submitted with the letter to the Court for an in camera review. The party challenging the designation shall, within five (5) days after receipt of the proponent's letter, submit a letter to the Court outlining its position. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8.     To the extent used in connection with motion practice, Confidential information or documents shall be redacted or filed under seal in conformity with applicable court rules and orders. All requests to seal documents filed with the Court shall comply with applicable rules.

9.     If the need arises during trial or at any Hearing before the Court for any party

to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

10.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

11.     When the inadvertent or mistaken disclosure of any information, document or thing protected by this Order, privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 26(b)(5)(B), Fed. R. Civ. P., and Rule 502(b), Fed. R. Evid. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of confidentiality, privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege in compliance with applicable court rules.

12.     No information that is in the public domain or which is already known by the receiving party or which is or becomes available to a party from a source other than the

party asserting confidentiality shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

13.    This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

14.    This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15.    Within ten (10) days after final conclusion of this litigation, any party having produced material subject to the terms hereof shall have the right to request in writing the return of all such Confidential material. In the absence of such request, all parties having received Confidential material pursuant to this Order shall destroy same within a reasonable time after the final conclusion of the litigation, including the exhaustion of all appeals therefrom.

16.    Nothing in this Order shall be construed as a waiver of any privilege or right of confidentiality possessed by any party to this Order with respect to any third party not a party to this litigation.

17.    This Order and all determinations regarding confidentiality shall be construed under New York law as applied in the Southern District of New York.

GOETZ SCHENKER BLEE P.C.                    TRAUB LIEBERMAN STRAUS &
& WIEDERHORN LLP                             SHREWSBERRY LLP

By:    /s/ *Marisa Goetz*                    By: /s/ *Craig Rokuson*
       Marisa Goetz                              Craig Rokuson
       101 Greenwich Street                      Seven Skyline Drive
       New York, NY 10006                        Hawthorne, NY 10532
       Attorneys for Defendant                   Attorneys for Plaintiff

**SO ORDERED:**

_____
U.S.D.J.

Dated: _____July 14, 2022_____, 2022

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).